# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KYLE FINNELL,
Plaintiff,

vs.

JUDGE J. METZ, *et al.*,
Defendants.

Case No. 1:18-cv-152

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution, brings this civil rights action against defendants Judge J. Metz and Judge Beth A. Myers. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this § 1983 action against defendants Judge J. Metz and Judge Beth A. Myers in connection with his criminal case in the Hamilton County Court of Common Pleas. (Doc. 1-1, Complaint at PageID 13). In the complaint, plaintiff alleges that prior to being sentenced, he moved for a new trial on the basis that "two of the jurors believed that [plaintiff] had followed them one day after recess from deliberations in an attempt to intimidate them." (*Id.* at PageID 14). Plaintiff further alleges that the jurors did not disclose their belief/concern until after the verdict had been read and accepted by defendant Judge Metz. According to plaintiff, Judge Metz was alerted to the situation and spoke with the jurors. Plaintiff claims that although Judge Metz recused himself from hearing the motion for a new trial (*see id.* at PageID 26), Judge Metz subsequently denied the motion before proceeding with sentencing. (*Id.* at PageID 14).

The Ohio Court of Appeals vacated the entry denying the motion for a new trial and remanded the case back to the trial court. Specifically, the Ohio appeals court sustained plaintiff's assignment of error regarding Judge Metz ruling on the motion for a new trial, finding

3

that "the trial judge had 'disqualified himself' from the case 'as to Defendant's motion for a new trial'" and "erred by ruling on the motion in contravention of the recusal order."[1] Plaintiff claims that "on remand, Mr. Finnell's counsel filed a motion to disclose juror under seal, under Evid. R. 606(B)," but that defendant Judge Beth A Myers denied the motion upon finding that the record did not reveal evidence of juror misconduct. (*Id.*). The trial court subsequently denied plaintiff's motion for a new trial.

Plaintiff successfully appealed the ruling. Plaintiff has included a portion of the February 14, 2018 opinion vacating the judgment on the motion for a new trial and instructing the trial court to release the juror information under seal. (*See id.* at PageID 15). It appears from the Hamilton County Online Docket Sheet that the trial court has not ruled on plaintiff's motion following the remand from the Ohio Court of Appeals.

Based on the above facts, plaintiff claims that defendants' actions constitute a continuing tort violation. (*Id.*). Plaintiff also claims that his constitutional right to be tried before a panel of fair and impartial jurors was violated. (*Id.* at PageID 17).

For relief, plaintiff "asks this Honorable court to direct the lower court to release the petitioner, and/or direct the lower court to retrial (sic) him." (*Id.* at PageID 16). Plaintiff also seeks monetary damages for each year in which he has been imprisoned, attorney fees, and for the Court to certify that defendant Metz's judgment denying his motion for a new trial is void. (*Id.* at PageID 16).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a

---

[1] Viewed at https://courtclerk.org/ records-search/search-by-case-number/ under Case No. B-1307615. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

claim upon which relief may be granted by this Court.

First, to the extent that plaintiff seeks to challenge his conviction and sentence, he must file a petition for a writ of habeas corpus. Where a state prisoner challenges the validity of his criminal conviction and seeks relief which would result in his immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not pursue habeas corpus relief through a civil rights action under Section 1983. Plaintiff is therefore directed to file a petition for writ of habeas corpus after he has exhausted his state court remedies if he wishes to challenge the validity of his criminal conviction. *Hadley*, 753 F.2d at 516.[2]

Plaintiff's complaint should also be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir. 1985). It appears that the actions challenged by plaintiff are

---

[2] The undersigned notes that plaintiff has already filed a habeas corpus action challenging his Hamilton County, Ohio convictions and sentence in *Finnell v. Warden*, Case No. 1:17-cv-268 (S.D. Ohio Apr. 24, 2017) (Barrett, J.; Litkovitz, M.J.), which is currently pending before the Court.

functions normally performed by judges and are therefore judicial acts. *Stump*, 435 U.S. at 362. In addition, plaintiff has not alleged facts indicating that the defendant acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Although the Ohio Court of Appeals found that Judge Metz erred in ruling on plaintiff's new trial motion, the trial judge retained jurisdiction over his criminal proceedings for all other purposes and therefore was not acting in the absence of all jurisdiction. *See Stump*, 435 U.S. at 365 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear 'absence of all jurisdiction.'"); *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997) ("A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides."). *Cf. Sibley v. Lando*, No. 03-21728-CIV, 2005 WL 6108991, at *8–9 (S.D. Fla. Apr. 8, 2005) (finding that a judge retained judicial immunity for acts taken after the judge recused himself from a case because the acts may have been in excess of his jurisdiction, but were not in clear absence of jurisdiction). Accordingly, the complaint fails to state a claim for which relief may be granted against the judicial defendants because they are entitled to absolute judicial immunity for the actions alleged in the complaint.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/26/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KYLE FINNELL,
    Plaintiff,

vs.

JUDGE J. METZ, *et al.*,
    Defendants.

Case No. 1:18-cv-152

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).